SABRINA FRANKLIN,

        Plaintiff,

  v.

        Case No. 25-cv-781-pp

STELLANTIS CHRYSLER,
UAW SOLIDARITY HOUSE, PAUL LUDKA,
JOE NUE[1] and PETER RAITH,

        Defendants.

**ORDER SCREENING COMPLAINT (DKT. NO. 1)**

On May 30, 2025, the plaintiff, representing herself, filed a complaint against her employer (Stellantis Chrysler) and her union (UAW Solidarity House), as well as three individuals working for Stellantis Chrysler and the union. Dkt. No. 1 at 1–2. The complaint alleges that after the plaintiff was told she had been given a new position, the defendants delayed training her for that position for years; she alleges that this constituted discrimination based on her race and color. Id. at 5–6. The plaintiff has paid the filing fee. Id. Defendants FCA US LLC and Paul Ludka have appeared and answered; FCA US LLC advises the court that it, not Stellantis Chrysler, is the appropriate legal entity. Dkt. No. 8.

---

[1] On page two of the complaint, this defendant's name is spelled "Neu," but it is spelled as "Nue" many times in the "Statement of Claim" section. Because there are more instances of "Nue" than "Neu," the court will use "Nue."

1

## I. Screening

Although the plaintiff has paid the filing fee, the court still must decide whether her complaint alleges claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting her claims; she need only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. "'[Federal] Rule [of Civil Procedure] 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States ex rel. v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Because the plaintiff is representing herself, the court must liberally construe the allegations in her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Additionally, federal courts, like this one, have limited jurisdiction. A federal court has jurisdiction to consider and decide cases that involve violations of federal laws or the federal Constitution. 28 U.S.C. §1331. Federal courts also have jurisdiction to consider and decide lawsuits between citizens

2

of different states, if the amount in dispute is more than $75,000. 28 U.S.C. §1332.

   A.   <u>Facts Alleged in the Complaint</u>

The plaintiff prepared her complaint on a 2016, pre-printed complaint form for employment discrimination cases. Dkt. No. 1. She named five defendants: Stellantis Chrysler, UAW Solidarity House, Paul Ludka (Plant Manager), Joe Nue (President of Local 75) and Peter Raith (SBU Committee Rep). <u>Id.</u> at 2–3. In the "Basis of Jurisdiction" section, the plaintiff marked "Title VII of the Civil Rights Act of 1964. . . (race, color, gender, religion, national origin)" as the type of employment discrimination she is alleging. <u>Id.</u> at 4. In the "Statement of Claim" section, the plaintiff wrote "Failure To Train Me (Approx 3 years)" in the space provided for her to describe the discriminatory conduct about which she complains. <u>Id.</u> at 6. She wrote that the discrimination took place from April 2021 to December 2024. <u>Id.</u> In the section asking whether the defendants were continuing to engage in discrimination against her, the plaintiff marked the box next to "is/are not still committing these acts against me." <u>Id.</u> And in the section asking her to describe her belief about the basis for the discrimination, she marked the boxes next to "race" and "color." <u>Id.</u>

Under the section asking her to describe the facts of the case, the plaintiff wrote:

> Hello, My name Is Sabrina Franklin I am a employee of Stellantis (Chrysler) for 22 years I started in 2004. I work at the Milwaukee parts warehouse (Mopar) Local 75. I am writing in regards to an incident that happen to me at the warehouse I applied for a inside position in April 26 2021 which another employee applied for that same position as a backup SBU office position she got the position

3

because she had more seniority than I did so Peter R (SUB Trainer) gave her the training information right away and she started her training right away, but after 2 days she decided she didn't want the position so Joe Nue (Union President) told me that I have the job so I was very excited. So I asked him when does my training start he gave me an excuse so I waited, I didn't want to keep bothering him so I said I will wait Intel he lets me know when I can start training. I believe I forgot I had waited so long Joe Nue never came to me that year at all. So in 2022 came around no one still hadn't come to me I believe that was the year I had surgery I believe in July of 2022 so I was out on sick leave I came back in 2023. I still had not heard a word about my training. I asked Joe Nue when will I start training he gave me another excuse so I waited. In 2024 employees were asking me why is it taking them so long to give you your training I was like I don't understand I don't know. So in August 8th 2024 I went to Joe Nue office at around 8:25 am to ask him when will my training start he said it's a lot going on and Joy (she works in that office too) was out on sick leave and peter R was doing both jobs and the other backup person Tony B was on sick leave also. Well come to find out Joe Nue lied to me because Peter R told me he was not doing Joys job. So at that time in August I had to go out on sick leave so I let Joe Nue know that I found out that I had cancer and I needed surgery so I told him that and he said I will start my training when I got back so I said ok. So as soon as I got back from sick leave October 29 2024 I asked Joe Nue again when will I start my training. He side Peter R was out and he would be back on Monday Nov 4 2024 and Peter R was a little behind on his work but that next week Monday Nov 11 2024 that's when I would start training on Nov 13 2024 Joe Nue told me that peter R did not come in and he don't have assess to the software he needs to train me on. On Nov 18 2024 Peter R still didn't have access to the software. On December 3 2024 that morning I talked to Peter R. I asked him how come its taking so long for me to do train he said I need to talk to Paul L (plant Manager). So on December 3 2024 around 5pm I saw Paul L (Plant Manager) standing by the Aline desk I called him over then I asked him why is it taking so long to start my training he said he didn't know what I was talking about I said didn't Joe Nue tell you I am the backup for Tony B (by that time Tony B Retired before they new anything he was gone he retired December of 2024) So they had no backup for Peter R. I asked didn't he get my paper work he said no. December 4 2024 I went to Joe Nue office I told he I had talked to paul L and he said he had no papers I was the backup and no application. Joe Nue was very angery he told me he would come and talk to me and so he did he brought me the paper work which was my application and the paper Paul L (plant manager) had signed. I was so upset that meant that he did not turn in my paper work for

4

> all of those years and he Intentionally held back my paper work preventing me from officially starting a new position. So he lied to me about the paperwork I saw where he had signed the paper stating that the position was mine. Paul L (plant manager) sat on my papers for 3 years. I feel so hurt and angery I feel like my rights have been taken away from me I feel I have been discriminated against because of my race. I feel they didn't want me to have the job I was unfairly mistreated than everyone ealse.

Id. at 6 (as in original).

In the section titled "Exhaustion of Federal Administrative Remedies," the plaintiff reported that on December 12, 2024, she filed a charge with the Equal Employment Opportunity Commission or her Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct. Id. at 7. The plaintiff stated that the Equal Employment Opportunity Commission had issued her a Notice of Right to Sue letter on March 24, 2025. Id. The plaintiff attached the letter to her complaint. Dkt. No. 1-1.

In the section titled "Relief," the plaintiff wrote: "Emotio[n]al distress, Lack of sleep, Anxiety, Depress—200.000 Punitive Damages—$500.000 Back Pay—To be calculated Intentional Harm". Id.

B.  Analysis

To state a discrimination claim under Title VII of the Civil Rights Act of 1964, a plaintiff first must exhaust her administrative remedies by filing a charge with the Equal Employment Opportunity Commission and receiving from that commission a right-to-sue letter. Chaidez v. Ford Motor Co., 937 F.3d 998, 1004 (7th Cir. 2019). Failure to file a timely charge precludes a subsequent lawsuit under Title VII. Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 860 (7th Cir. 2005). The plaintiff attached to her complaint a right-

5

to-sue letter dated March 24, 2025, dkt. no. 1-1; she filed this lawsuit on May 30, 2025—within the ninety-day period specified in the letter. It appears that the plaintiff has exhausted her administrative remedies. Dkt. No. 1 at 7; Dkt. No. 1-1.

But the complaint also must state sufficient facts to support a claim under Title VII. Federal law prohibits employers from discriminating against an individual because of that individual's race, color, religion, sex, national origin or age. 42 U.S.C. §2000e-2(a); see also 29 U.S.C. §623(a). To successfully state a claim of employment discrimination, the plaintiff must "allege enough facts to allow for a plausible inference that the adverse action was connected to her protected characteristics." Kaminski v. Elite Staffing, Inc., 23 F.4th 774, 777 (7th Cir. 2022). Not receiving a promotion can be an adverse action. Wince v. CBRE, Inc., 66 F.4th 1033, 1041 (7th Cir. 2023).

The first problem with the complaint is that the plaintiff has named as defendants three individuals—Paul Ludka (the plant manager), Joe Nue (the president of the union) and Peter Raith (the "SBU Committee Rep"). But Title VII does not provide for individual liability. Nischan v. Stratosphere Quality, LLC, 865 F.3d 922, 930 (7th Cir. 2017). Only an employer can be held liable under Title VII. Bronson v. Ann & Robert H. Lurie Children's Hosp. of Chi., 69 F.4th 437, 448 (7th Cir. 2023). The court must dismiss Ludka, Nue and Raith as defendants.

The second problem is that the complaint does not contain sufficient facts to state a claim under Title VII against FCA US LLC or the union.

6

Although the plaintiff describes the discriminatory conduct as "failure to train," the substance of the complaint is that because of the defendants' failure to train her, her promotion to "backup SBU officer" was not processed for three years; because the plaintiff is asking for back pay, it appears that she never actually was promoted after being told she got the job. But the plaintiff does not explain whether the "backup SBU officer" position was a position with FCA US LLC (Stellantis Chrysler), or whether it was a job with the union. She does not explain who had the authority to promote her to this position—FCA US LLC or the union. If the "backup SBU officer" position was a position at Stellantis Chrysler, the plaintiff does not explain how the union was involved in the failure to promote her. If it was a position with the union, she does not explain how Stellantis Chrysler was involved.

Nor does the complaint provide facts explaining why the plaintiff believes that the failure to promote her was due to her race or her color. The complaint does not even identify the plaintiff's race or color. It does not describe any statements or actions that could imply or demonstrate that the reason the defendants failed to promote the plaintiff was her race, and not negligence or incompetence or some other reason. There are not enough facts for the court to draw a plausible inference that the failure to promote was connected to her race or color.

As it is written, the complaint does not state sufficient facts to state a claim for employment discrimination. But it is possible that, by more fully explaining the circumstances, the plaintiff could state a claim. The court will

7

give the plaintiff the opportunity to file an amended complaint, to try to better explain her claims. When writing her amended complaint, the plaintiff must provide the court with enough facts to answer the following questions: 1) Who violated her constitutional rights (Stellantis Chrysler or the union or both)?; 2) What did each defendant do to violate her rights?; 3) Where did each defendant violate her rights?; 4) When did each defendant violate her rights?; and 5) Why does she think that the defendant(s) acted based on her race and/or her color, and not for some other reason? The complaint must explain what the promotion was for (what a backup SBU officer is) and whether the promotion was for a job at Stellantis Chrysler or for a position with UAW Solidarity House. The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it must include enough facts to notify the court and each defendant of what the plaintiff believes that defendant did to discriminate against her.

 The court is enclosing a copy of its amended complaint form. The plaintiff must use this form to prepare her amended complaint. She must list the case number for this case on the first page. In the caption of the amended complaint, she must list all the defendants she wants to sue, keeping in mind that individuals cannot be sued under Title VII and that "FCA US LLC" is the proper legal name for Stellantis Chrysler. She should use the spaces on pages two and three to explain the key facts that give rise to the claims she wishes to bring, and to describe which defendants she believes committed the violations that relate to each claim. The amended complaint takes the place of her prior

8

complaint and must be complete by itself. The plaintiff may not refer the court back to her original complaint. She must repeat in the amended complaint any of the facts from the original complaint that she believes are necessary to her claims. If the court does not receive an amended complaint from the plaintiff by the deadline the court will set below, the court will dismiss the plaintiff's case for her failure to state a claim in the original complaint.

## II. Conclusion

The court **DETERMINES** that the plaintiff's complaint does not state a claim.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, then by the end of the day on **January 30, 2026**, the plaintiff must file an amended complaint, complying with the instructions in this order. The plaintiff must file the amended complaint in time for the court to *receive* it by day's end on January 30, 2026. If the court does not *receive* from the plaintiff an amended complaint by the end of the day on January 30, 2026, the court will dismiss this case without prejudice, without further notice or hearing, for the plaintiff's failure to state a claim in her original complaint.

Dated in Milwaukee, Wisconsin this 29th day of December, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**